UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LINDEL LEWIS,<br>    Petitioner,<br>    v.<br>ELVIN VALENZUELA, Warden,<br>    Respondent.<br>_____/ | No. C 14-0071 NC (PR)<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Johnny Lindel Lewis, a prisoner at the California Men's Colony, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Humboldt County Superior Court. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

## BACKGROUND

In 2010, Petitioner was convicted by a jury of first degree murder with a special enhancement for personal use of a deadly or dangerous weapon. He was sentenced to 25 years to life in state prison. In 2012, the California Court of Appeal affirmed, and the California Supreme Court denied review. The instant action was filed on January 6, 2014.

**DISCUSSION**

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

**B.  Legal Claims**

As grounds for federal habeas relief, Petitioner claims: (1) the trial court erred in admitting his statement to police as evidence at trial because he did not knowingly, intelligently, and voluntarily waive his rights under Miranda v. Arizona, 384 U.S. 486 (1966) and did not voluntarily make the statement; (2) his due process rights were violated by admission of evidence, unrelated to the crime, concerning weapons in Petitioner's possession, blood on Petitioner's clothing, and blood in a van Petitioner once owned; (3) trial counsel rendered ineffective assistance by failing to request a limiting instruction regarding evidence of a knife that Petitioner had borrowed; and (4) trial counsel rendered ineffective assistance by failing to renew his objection to admission of evidence of blood found on Petitioner's clothing. When liberally construed, these claims are sufficient to warrant an answer from Respondent.

**C.  Proper Respondent**

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person

typically is the warden of the facility in which the petitioner is incarcerated. See <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, the proper respondent here is Warden Elvin Valenzuela of the California Men's Colony where Petitioner is currently incarcerated.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.

2. Respondent is directed to file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35)** days of the date the answer is filed.

3. Respondent may file, within **ninety-one (91)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent must file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner

must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. The Clerk of the Court is directed to change the Respondent to Warden Elvin Valenzuela.

IT IS SO ORDERED.

DATED: April 24, 2014

NATHANAEL M. COUSINS
United States Magistrate

4