UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LINDEL LEWIS,<br><br>   Plaintiff,<br><br>   v.<br><br>ELVIN VALENZUELA,<br><br>   Defendant. | Case No. 14-cv-00071-EMC<br><br>**ORDER**<br><br>Docket Nos. 32, 33 |

Petitioner has requested an extension of the deadlines to file a motion for reconsideration, for the "appeal part after the reconsideration motion," and for the deadline to appeal. Docket Nos. 32 and 33. The requests are **GRANTED IN PART AND DENIED IN PART**.

Petitioner's request for an extension of the deadline to appeal from the order denying petition for writ of habeas corpus is **GRANTED**. Docket No. 33. Petitioner must file his notice of appeal *from that order* no later than **December 10, 2015**. *See* Fed. R. App. P. 4(a)(5)(C). That deadline will not be further extended. A notice of appeal is not a difficult document to prepare, and often is less than one page long. The notice of appeal only needs to (a) provide Petitioner's name and state that he is the party taking the appeal, (b) designate the judgment or order being appealed, and (c) name the court to which the appeal is taken, i.e., the U.S. Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 3(c)(1). The notice of appeal must be signed and must be filed in this Court.

Petitioner's request for an extension of the deadline to file a motion for reconsideration of the order denying petition for writ of habeas corpus is **DENIED**. If he misses the deadline to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), he may file a motion for relief from the judgment or order under Federal Rule of Civil Procedure 60(b). Rule

60(b) has six subsections, and the subsection that applies depends on the grounds under which relief is sought. A motion under Rule 60(b) must be filed within a "reasonable time," and if the motion is under subsection (1), (2), or (3) of Rule 60(b), the motion must be made within a year of the entry of the judgment or order.

Petitioner's request for an extension of the deadline for the "appeal part after the reconsideration motion" is understood to be a request to extend the appeal if and when his motion for reconsideration is denied. That request is **DENIED** as premature because Petitioner has not yet filed a motion for reconsideration and the Court has not yet ruled on any motion for reconsideration. Petitioner therefore does not yet know whether he will be filing an appeal from any ruling on any motion for reconsideration that may be filed, or whether he will need extra time to do so.

**IT IS SO ORDERED**.

Dated: November 23, 2015

_____
EDWARD M. CHEN
United States District Judge